```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ATLANTIC CITY ELECTRIC COMPANY,:
                               :    HONORABLE JOSEPH E. IRENAS
          Plaintiff,           :
                               :         CIVIL ACTION
     v.                        :    NO. 09-2068 (JEI/AMD)
                               :
THE ESTATE OF JERRY RICCARDO   :         OPINION
and DENISE RICCARDO,           :
                               :
          Defendants.          :
```

**APPEARANCES:**

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
By:  Gerald Corcoran, Esq.
Cornerstone Commerce Center
1201 New Road, Suite 100
Linwood, New Jersey 08221
          Counsel for Plaintiff

FELDMAN & PINTO
By:  Rosemary Pinto, Esq.
1604 Locust Street, 2R
Philadelphia, Pennsylvania 19103
          Counsel for Defendants


**IRENAS**, Senior District Judge:

   Plaintiff Atlantic City Electric Company ("ACE") brings this suit against Defendants Denise Riccardo and the Estate of Jerry Riccardo seeking to set aside an arbitration award under the New Jersey Arbitration Act and common law arbitration.[1]  ACE claims

---

[1]   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties are completely diverse and the amount in controversy exceeds $75,000.
   As the Court previously discussed with the parties during a conference, the Court doubts whether New Jersey law, as opposed to Pennsylvania law, applies to the present dispute.  However,

Denise Riccardo and Jerry Riccardo (while he was alive) fraudulently obtained a $750,000 personal injury arbitration award against ACE by failing to disclose the fact that Jerry Riccardo had terminal cancer. Defendants move to dismiss the suit for lack of personal jurisdiction and improper venue.

The Court concludes that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania ("Eastern District") pursuant to 28 U.S.C. § 1404(a). Because transfer of this case will cure any potential personal jurisdictional and venue defects, Defendants' Motion to Dismiss will be denied.

**I.**

Jerry Riccardo suffered a severe electric shock while working on a house located in Egg Harbor Township, New Jersey. He originally filed suit in this Court against ACE seeking compensation for his personal injuries. *See Riccardo v. Atlantic City Electric Company*, No. 05-3200 (D.N.J.) (Irenas, S.D.J.). Denise Riccardo, Jerry's wife, also asserted a loss of consortium claim in that suit. *See id.*

After proceeding through discovery, the parties agreed to submit their dispute to JAMS for binding arbitration, and the

---

given the disposition of the instant motion, the Court need not decide the issue.

Riccardo's lawsuit before this Court was dismissed with prejudice.  On August 26, 27, and 28, 2008, the arbitration hearing was held in Philadelphia, Pennsylvania. (Pinto Cert. Ex. C; Corcoran Cert. ¶ 6)  The arbitrator found for the Riccardos, and on October 13, 2008, ACE paid the Riccardos $750,000.

On October 25, 2008, Jerry Riccardo passed away. (Corcoran Cert. ¶ 10)  ACE believes that Jerry Riccardo knew he was suffering from terminal brain cancer during the arbitration hearing.

ACE is incorporated in New Jersey with its principal place of business in May's Landing, New Jersey. (Corcoran Cert. ¶1) Jerry Riccardo lived in Pennsylvania and his business was incorporated there when he was alive.  Denise Riccardo is a Pennsylvania citizen residing in the town of Buckingham, Pennsylvania.

**II.**

In a civil action in which jurisdiction is solely founded upon diversity of citizenship, 28 U.S.C. § 1391(a) mandates the action may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>    (3) a judicial district in which any defendant is subject
>    to personal jurisdiction at the time the action is
>    commenced, if there is no district in which the action
>    may otherwise be brought.

However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *see United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964).

**III.**

This suit could have been originally filed in the Eastern District.  Venue would have been proper under either 28 U.S.C. § 1391(a)(1) or (2).  Both Defendants are residents of Pennsylvania and Denise Riccardo resides in Bucks County, which is within the Eastern District.  *See* 28 U.S.C. § 1391(a)(1).  Additionally, a substantial part of the events or omissions giving rise to this suit occurred in the Eastern District, because the arbitration hearing took place in Philadelphia.  *See* 28 U.S.C. § 1391(a)(2).  Moreover, general personal jurisdiction exists over both Defendants in Pennsylvania[2] and the Eastern District will have subject matter jurisdiction over this case just as this Court

---

[2] Jerry Riccardo's contacts while he was alive are considered when determining personal jurisdiction over his estate. *Songbyrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 181 (2d Cir. 2000).

4

does.[3]

Lastly, this Court need not satisfy itself that it has personal jurisdiction over Defendants before transferring the case pursuant to § 1404(a).  *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 544 (3d Cir. 1985) ("a district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally"); *Berkowitz*, 328 F.2d at 361[4]; *cf. Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962).  Indeed, the interests of justice, as well as the convenience of the parties, is best served by transferring the case precisely because transferring the case avoids the personal jurisdiction issue and the improper venue issue.

**IV.**

For the foregoing reasons, this case will be transferred to the Eastern District of Pennsylvania pursuant to § 1404(a). Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue will be denied.  An appropriate Order accompanies this Opinion.

Date: August 4, 2009                       s/ Joseph E. Irenas
                                           JOSEPH E. IRENAS, S.U.S.D.J.

---

   [3]   *See supra*, n.1.

   [4]   *Cert. denied*, 379 U.S. 821 (1964).